By the Court.
The indictment is under Section 3140-2, Revised Statutes, whose pertinent provisions are that “the father of a legitimate or illegitimate child under sixteen years of age living in this state, who, being able, shall neglect or refuse to provide such child with necessary and proper home, care, food and clothing, etc., shall upon conviction be deemed guilty of a felony and punished by imprisonment in the penitentiary for not more than three years or less than one year or in a county jail,” etc. It is to be observed that the statute does not by any term which it employs require that a demand shall be made upon the father for the performance of the duty enjoined by the statute. Nor, if effect is given to all the terms of the statute, does it appear that such demand is,required by implication. The view of the subject taken by the court of common pleas seems plainly to exclude from consideration one of the terms of the statute, the provision being that the guilt attaches to one who “shall neglect or refuse to provide,” etc. If the offense consisted alone in refusing to make the required provision, it might very well be said that a demand is required by implication since there could not be a refusal without a demand. But the terms of the statute are alternative, and mere *80 neglect to which a demand is not necessary is as plainly an omission of the required duty as is a refusal.
It is true that in The State v. Stouffer, 65 Ohio St., 47, it was stated in the syllabus that the refusal or neglect of the father after demand to furnish the child with proper support, he being able to do so, renders him amenable to the provisions of the statute; but the question here presented was not presented or considered in that case, for in that case it affirmatively appeared that a demand for such support of the child had been made upon the father by its mother, and naturally the statement of the law was limited to the requirements of the case. That case is, therefore, no authority whatever for the instruction given by the court of common pleas in the present case, and the instruction seems plainly to have excluded from consideration one term of the statute.

The exception is sustained.

Shauck, C. J., Price, Crew, Summers, Spear and Davis, JJ., concur.